**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
Civil Action No. 3:15-540**

| | |
|---|---|
| EXPENSIFY, INC., a Delaware Corporation, <br><br> Plaintiff, <br><br> v. <br><br> NEXONIA, a Canadian Corporation, <br><br> Defendant. | **COMPLAINT** <br> **(Jury Trial Demanded)** |

Plaintiff Expensify, Inc., a Delaware Corporation ("Expensify") brings this action pursuant to 15 U.S.C. § 1125 ("the Lanham Act"), the common law of trademarks, and the North Carolina Unfair and Deceptive Trade Practices Act, § 75-1.1 *et seq.* ("Unfair and Deceptive Trade Practices" or "UDTP"), seeking injunctive relief and damages against Defendant Nexonia, Inc. ("Nexonia").

**NATURE OF ACTION**

1.  Expensify creates software and services that automate the generation of expense reports. Expensify brands its patented software and services as SMARTSCAN expense automation software and technology. Nexonia is branding its software and services using Expensify's SMARTSCAN trademark.

2.  This action relates to Nexonia's unauthorized copying and use of Expensify's SMARTSCAN trademark. Expensify requests this Court to enjoin Nexonia's use of the mark, and for related damages.

1

## THE PARTIES

3. Expensify is a San Francisco start-up company founded in 2009 with the purpose of making expense reporting simple. Expensify built SMARTSCAN technology to enable paperless expense reporting. Users no longer need to attach paper receipts to printed expense reports. SMARTSCAN technology automates the process by point-and-click photo receipt capture, automatic optical character recognition of the receipt, automatic classification of the receipt, and integration with a virtual expense report.

4. Expensify is a Delaware corporation with its principal place of business at 88 Kearny St., Suite 1600, San Francisco, CA.

5. Upon information and belief, Nexonia is a Canadian Corporation with its headquarters and principal place of business at 2 St. Clair Avenue East, Suite 750, Toronto, Ontario Canada M4T 2T5. Nexonia transacts business within North Carolina. Nexonia describes itself in press releases as "a provider of leading web and mobile Expenses, . . . and other business financial management solutions. Nexonia's . . . applications are fully integrated with ERPs, credit cards and other systems supporting a variety of businesses. Nexonia solutions are designed to streamline the reporting and approval process . . ." for expense reports.

6. Expensify and Nexonia compete for customers who desire expense report automation and analysis.

## JURISDICTIONAL STATEMENT

7. This action arises under the Federal Trademark Act 15 U.S.C. § 1051 *et seq.* (the "Lanham Act"), the statutes of North Carolina, and the common law. This Court has original

subject matter jurisdiction of the Lanham Act claims under 15 U.S.C. § 1121(a), 28 U.S.C. §§ 1331 and 28 U.S.C. § 1338(b).

8. This Court has subject matter jurisdiction over all other claims asserted herein under 28 U.S.C. § 1338(b) and 28 U.S.C. § 1367.

9. This Court has specific personal jurisdiction over Nexonia. On April 23, 2015 Nexonia attended the Microsoft Dynamics GP User Conference at the Harris Conference Center in Charlotte, N.C. Nexonia was a sponsor of the conference, and demonstrated its technology while using Expensify's SMARTSCAN trademark. At the conference Nexonia's Chief Executive Office, Neil Wainwright, repeatedly referred to the technology as SMARTSCAN. He demonstrated the technology live calling it Nexonia's SmartScan product stating that after photographing a receipt you send it to Smartscan. He further blemished the SMARTSCAN mark by stating that the technology was not very accurate, despite the fact that Expensify's SMARTSCAN technology is over ninety-five percent accurate.

10. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(2) as a substantial part of the events or omissions giving rise to the claims have occurred in this district.

**FACTUAL ALLEGATIONS SUPPORTING THE CAUSES OF ACTION
EXPENSIFY'S SMARTSCAN TRADEMARK**

11. Expensify owns U.S. Trademark Registration No. 4,293,619 (Supplemental Register) for use of SMARTSCAN with software which enables users to perform scanning and character recognition of receipts, odometer readings, and business cards for use in the automated generation of expense reports.

12. The SMARTSCAN trademark has been used in commerce continuously since at least as early as January 2012. Expensify filed for trademark protection on February 22, 2012.

Expensify uses the SMARTSCAN trademark extensively to uniquely identify its software and services offerings. *See* http://help.expensify.com/smartscan/, attached as <u>Exhibit A</u>. In addition, Expensify uses the SMARTSCAN trademark on its mobile application software, at trade shows, user groups, and on its blog sites.



13. Customers recognize the SMARTSCAN trademark as a mark associated exclusively with Expensify. Attached as <u>Exhibit B</u> are exemplary uses of the SMARTSCAN trademark demonstrating that it identifies a single provider of SMARTSCAN software and services.

14. Expensify is a rapidly growing company, expanding at approximately one hundred sixty percent per year. SMARTSCAN technology and the SMARTSCAN trademark are core to Expensify's business, brand, and marketing model. Expensify associates the SMARTSCAN trademark with its flagship receipt capture and expense reporting service.

15. Expensify has built up valuable goodwill in the SMARTSCAN trademark as a result of extensive use, sale, and promotion of expense reporting services and software connected therewith. The SMARTSCAN trademark, as used by Expensify, has acquired distinctiveness and/or secondary meaning as an indicator of the source of origin of Expensify's software and services.

16. The buying public for expense report automation identifies the SMARTSCAN trademark with Expensify and its software and services.

## EXPENSIFY'S SMARTSCAN TECHNOLOGY

17. As set forth above, Expensify's SMARTSCAN technology automates expense report creation. Its technology photocaptures expense receipts—such as credit card slips, odometer readings, and cash receipts—performs optical character recognition on those records, places each in an expense report, and then uses multiple resources to correlate expenses with credit card transactions, or other bank records. Automating this process saves individuals, and companies, time and money.

18. Expensify describes the service as a *layered* system that works as follows:

   a. First it uses "optical character recognition" (OCR) on receipt images to extract the text from the image. As you might imagine, this is incredibly difficult, as receipt images are captured under every lighting condition imaginable, at a variety of orientations and resolutions, with dirty lenses and blurry focus — the list of problems is almost as endless as the number of receipts captured.

   b. Then it analyzes that text to determine what portions correspond to the merchant name, amount, and date of the purchase. Again, this is very difficult as there are no real standards as to how text is organized on the receipt, dates come in different formats depending on the country they were captured in, and so on.

   c. Finally, it consults your list of existing expenses to see if the newly processed receipt image corresponds to a purchase that has already been logged. This is another layer of difficulty as the name and date on the receipt is usually different than the one imported from your credit card.

*See* http://help.expensify.com/smartscan/ See also Exhibit A.

## NEXONIA'S UNAUTHORIZED COPYING
## AND USE OF THE SMARTSCAN TRADEMARK

19. On or about December 22, 2014, Nexonia, a direct competitor of Expensify, announced its plans to offer SMARTSCAN. A full copy of Nexonia's press release is attached as Exhibit C.



20. Nexonia's press release substantially admits that it is reacting to, and copying from, Expensify. The press release states: "'We wanted to bring SmartScan to our web and mobile expense applications to give our customers a *layered* number of options for managing their expenses,' said Neil Wainwright, CEO of Nexonia." (emphasis added) The release suggests that Nexonia "now offers" the same services and technology as Expensify. However, only Expensify has the right to offer the technology and refer to it with the SMARTSCAN trademark.

21. In its press release, Nexonia describes its SMARTSCAN service and technology as follows:

   a. "Nexonia Inc. has announced the integration of SmartScan receipt capturing technology into their the[sic] Nexonia Expenses product. This new feature will allow customers who choose to enable it the ability to scan expensed receipts while eliminating the need to manually enter detailed receipt information."

   b. "Using Optical Character Recognition (OCR), Nexonia Expenses' SmartScan technology has the ability to read receipts a user has entered with their

smartphone, automatically collecting information on the date, merchant and amount paid. Once uploaded, SmartScan will use the information to create a new expense report or pair it with an existing report, also offering the ability to auto-match a receipt with a user's corporate credit card statement."

22. Without authorization, Nexonia has copied Expensify's SMARTSCAN trademark, and used it with the advertising and sales of directly competitive expense report automation software and services.

23. Expensify has not licensed its SMARTSCAN trademark to Nexonia.

24. The use of SMARTSCAN by Nexonia is likely to cause confusion, to cause mistake, or to deceive the relevant class of buyers as to the identity, affiliation, sponsorship and origin of the software and services.

25. Nexonia wrongly uses SMARTSCAN to describe itself and the expense reporting automation software and services it offers. Nexonia uses SMARTSCAN in North Carolina, in interstate commerce, and in a manner that has a substantial effect on interstate commerce.

## **FIRST COUNT**
### **(Unfair Competition and False Designation of Origin – Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a))**

26. The allegations in all preceding paragraphs are hereby re-alleged.

27. Nexonia is using the SMARTSCAN trademark in interstate commerce and in a manner that has a substantial effect on interstate commerce.

28. Expensify has used, and continues to use, the SMARTSCAN trademark in connection with identifying itself and its software and services from a time prior to Nexonia's unauthorized use of the SMARTSCAN trademark. Expensify owns, and has rights in and to, the SMARTSCAN trademark by virtue of its use of the SMARTSCAN trademark and its registration at the United States Patent Office ("USPTO"). Expensify's rights have legal seniority to Nexonia's unauthorized use of SMARTSCAN.

29. Nexonia's unauthorized use of the SMARTSCAN trademark through the distribution, advertising, offering for sale, and sale of its software and services, and other communications is likely to cause confusion, to cause reverse confusion, to cause mistake, or deceive the relevant buying public as to the affiliation, connection or association of Nexonia with Expensify or the origin, sponsorship or approval of their respective goods, services or commercial activities.

30. Nexonia's actions described above constitute a false designation of origin, and false and misleading descriptions and representations of fact, all in violation of Expensify's rights in its SMARTSCAN Trademark in violation of § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

31. As a direct and proximate result of Nexonia's actions, Nexonia has, upon information and belief, derived unlawful gains, profited, benefited and been otherwise unjustly enriched in the marketplace, at the expense of, and injury to, Expensify.

32. Expensify is entitled to recover its damages caused by the conduct of Nexonia, including without limitation, harm to the recognition and goodwill of its SMARTSCAN trademark, any lost sales, a disgorgement of the profits of Nexonia, the royalty that Nexonia otherwise should have paid to Expensify for the right to use the SMARTSCAN trademark, the cost of corrective advertising, and a recovery of other damages to Expensify which may be established at trial, including costs and interests.

33. Expensify is entitled to trebling and recovery of attorneys' fees and costs as permitted by 15 U.S.C. §§ 1117(a) and 1117(b).

34. Monetary relief alone is inadequate to fully address the irreparable injury that Nexonia's actions have caused and will continue to cause Expensify if the Court does not enjoin

Nexonia's use of the SMARTSCAN trademark. Expensify is, therefore, entitled to injunctive relief to stop Nexonia's unlawful acts.

## SECOND COUNT
**(Violation of Lanham Act, 15 U.S.C. § 1125(a); Trademark Infringement )**

35. The allegations in all preceding paragraphs are hereby re-alleged.

36. Expensify has established valuable goodwill in the SMARTSCAN trademark as a result of its long and extensive investments in providing and promoting goods and services under the SMARTSCAN trademark. The SMARTSCAN trademark has come to be associated with Expensify's software and services and has come to symbolize the reputation of Expensify's high quality.

37. Expensify has used the SMARTSCAN trademark in connection with identifying itself and its software and services from a time prior to Nexonia's use of the SMARTSCAN trademark. Thus, Expensify is the senior user of the SMARTSCAN trademark.

38. Nexonia, without authorization from Expensify, has used, and is continuing to use, designations that are identical to and confusingly similar to the SMARTSCAN trademark.

39. Nexonia's use of the SMARTSCAN trademark in locations, which are the same, or overlapping, with Expensify's use of the SMARTSCAN trademark constitutes trademark infringement.

40. Nexonia has developed, promoted, and sold expense reporting automation software in a manner as to inevitably suggest an association, affiliation, or sponsorship with, or approval by, Expensify. Nexonia's acts have caused, or are likely to cause, confusion or mistake among purchasers as to the origin or sponsorship of the software and services sold, all to the profit of Nexonia and to Expensify's detriment.

41. On information and belief, Nexonia has utilized the SMARTSCAN trademark with full prior knowledge of Expensify's use of the SMARTSCAN trademark, and Nexonia's use of SMARTSCAN was, and is, for the willful and calculated purpose of trading on the goodwill associated with Expensify's SMARTSCAN trademark.

42. The foregoing acts of Nexonia are intended to cause, have caused, and are likely to continue to cause confusion, mistake, and deception among the relevant buying public as to whether Nexonia's products originate from, or are affiliated with, sponsored by, or endorsed by Expensify.

43. The conduct of Nexonia constitutes infringement of Expensify's rights in the SMARTSCAN trademark under the Lanham Act all of which has irreparably damaged and will continue to irreparably damage Expensify, its goodwill, and reputation.

44. Expensify is entitled to recover its damages caused by the conduct of Nexonia, including without limitation, harm to the recognition and goodwill of its SMARTSCAN trademark, any lost sales, a disgorgement of profits of Nexonia, the royalty that Nexonia otherwise should have paid to Expensify for the right to use the SMARTSCAN trademark, cost of corrective advertising, and recovery of other damages to Expensify which may be established at trial, including costs and interest.

45. The foregoing conduct was willful and was intended to inflict harm on Expensify. Accordingly, Expensify is entitled to an award of punitive damages in an amount to be established at trial.

46. Nexonia's misconduct has caused and will continue to cause substantial, immediate and irreparable injury to Expensify in an amount that cannot presently be determined or cannot be fully quantified. Expensify has no adequate remedy at law to redress Nexonia's

infringement and unfair competition. Monetary relief alone is inadequate to fully address the irreparable injury that Nexonia's actions have caused and will continue to cause Expensify if the Court does not enjoin Nexonia's use of the SMARTSCAN trademark. Expensify is, therefore, entitled to injunctive relief to stop Nexonia's unfair competition and trademark infringement.

## THIRD COUNT
### (Infringement of a Common Law Trademark and Unfair Competition)

48. The allegations in all preceding paragraphs are hereby re-alleged.

49. Expensify has established valuable goodwill in the SMARTSCAN trademark as a result of its long and extensive investments in providing and promoting goods and services under the SMARTSCAN trademark. The SMARTSCAN trademark has come to be associated with Expensify's software and services and has come to symbolize the reputation of Expensify's high quality.

50. Expensify has used the SMARTSCAN trademark in connection with identifying itself and its software and services from a time prior to Nexonia's use of the SMARTSCAN trademark. Thus, Expensify is the senior user of the SMARTSCAN trademark.

51. Nexonia, without authorization from Expensify, has used and is continuing to use designations that are identical to and confusingly similar to the SMARTSCAN trademark.

52. Nexonia's use of the SMARTSCAN trademark in locations, which are the same, or overlapping, with Expensify's use of the SMARTSCAN trademark constitutes common law trademark infringement.

53. Nexonia has developed, promoted, and sold expense reporting automation software in a manner as to inevitably suggest an association, affiliation, or sponsorship with, or approval by, Expensify. Nexonia's acts have caused, or are likely to cause, confusion or mistake

among purchasers as to the origin or sponsorship of the software and services sold, all to the profit of Nexonia and to Expensify's detriment. In causing this confusion, Nexonia has taken advantage of the goodwill and business reputation of Expensify.

54. On information and belief, Nexonia has utilized the SMARTSCAN trademark with full prior knowledge of Expensify's use of the SMARTSCAN trademark, and Nexonia's use of SMARTSCAN was and is for the willful and calculated purpose of trading on the goodwill associated with Expensify's SMARTSCAN trademark.

55. The foregoing acts of Nexonia are intended to cause, have caused, and are likely to continue to cause confusion, mistake, and deception among consumers, the public and the trade as to whether Nexonia's products originate from, or are affiliated with, sponsored by, or endorsed by Expensify.

56. The conduct of Nexonia constitutes infringement of Expensify's common law right in the SMARTSCAN trademark and further constitutes common law unfair competition with Expensify, all of which has irreparably damaged and will continue to irreparably damage Expensify, its goodwill, and reputation.

57. Expensify is entitled to recover its damages caused by the conduct of Nexonia, including without limitation, harm to the recognition and goodwill of its SMARTSCAN trademark, any lost sales, a disgorgement of profits of Nexonia, the royalty that Nexonia otherwise should have paid to Expensify for the right to use the SMARTSCAN trademark, cost of corrective advertising, and recovery of other damages to Expensify which may be established at trial, including costs and interest.

58. The foregoing conduct was willful and was intended to inflict harm on Expensify. Accordingly, Expensify is entitled to an award of punitive damages in an amount to be established at trial.

59. Nexonia's misconduct has caused and will continue to cause substantial, immediate and irreparable injury to Expensify in an amount that cannot presently be determined or cannot be fully quantified. Expensify has no adequate remedy at law to redress Nexonia's infringement and unfair competition. Monetary relief alone is inadequate to fully address the irreparable injury that Nexonia's actions have caused and will continue to cause Expensify if the Court does not enjoin Nexonia's use of the SMARTSCAN trademark. Expensify is, therefore, entitled to injunctive relief to stop Nexonia's unfair competition and trademark infringement.

## FOURTH COUNT
### (Unfair or Deceptive Trade Practices N. C. Gen. Stat. § 75-1.1, *et seq.*)

60. The allegations in all preceding paragraphs are hereby re-alleged.

61. Nexonia's conduct alleged above constitutes unfair or deceptive trade practices under North Carolina law, including N.C. Gen. Stat. § 75-1.1 *et seq*.

62. Specifically, without limitation, Nexonia has intentionally sold and offered for sale material identical software and services under Expensify's SMARTSCAN trademark, thereby deceiving the buying public, Expensify's customers, and potential customers, and preventing them from distinguishing services and services to the detriment of Expensify. The buying public has been harmed because they do not know they have received inferior goods and services.

63. These actions have injured and will continue to injure the goodwill, reputation, and business of Expensify.

64. The conduct of Nexonia has been and continues affecting interstate commerce, all of which constitutes unfair and deceptive trade practices within the meaning of N.C. Gen. Stat. § 75-1.1 *et seq.*.

65. As a direct and proximate result of Nexonia's unfair or deceptive trade practices, Expensify has suffered actual injury including, without limitation, damage to Expensify's valuable SMARTSCAN trademark, reputation and goodwill, lost sales, the absence of the royalty that Nexonia should have paid to Expensify for the right to use the SMARTSCAN trademark, and the cost of corrective advertising in amounts to be ascertained at trial.

66. As a result of Nexonia's unfair or deceptive trade practices and pursuant to N.C. Gen. Stat. § 75-1.1 *et seq.*, Expensify is entitled to an award of its damages, trebling of such damages, costs, interest, and attorneys' fees.

## **DEMAND FOR JURY TRIAL**

67. Expensify, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable.

## **PRAYER FOR RELIEF**

WHEREFORE, Expensify prays for judgment and relief as follows:

1. That Nexonia, its officers, agents, servants, employees and attorneys, and those persons in active concert or participation with them, be enjoined from:

> (a) Advertising, promoting, offering for sale, or selling services in or to the United States using the term SMARTSCAN, or under any other designation, trademark or service mark which so resembles Expensify's SMARTSCAN trademark as to be likely to cause confusion, deception or mistake in connection with the advertising, offering for sale, or sale of Expensify's software and services;
> (b) Otherwise using in any manner the term SMARTSCAN in the United States;
> (c) Otherwise competing unfairly with Expensify in any manner; or

(d) Otherwise engaging in unfair and deceptive trade practices.

2. That Nexonia be ordered to deliver for destruction any and all materials in their possession, custody or control, including but not limited to signs, packages, forms, advertisement, business cards, letterheads, circulars, hang tags, packages, boxes or receptacles, and other representations or means for reproducing the same, that make reference to or depict the term SMARTSCAN, or any designation or mark similar to Expensify's trademark;

3. That Nexonia account for and pay to Expensify three times all gains, profits, and advantages derived by them from the trademark infringement, unfair competition, and unfair and deceptive trade practices;

4. That Nexonia pay Expensify all damages that Expensify has sustained by reason of Nexonia's trademark infringement, unfair competition and unfair and deceptive trade practices in a sum equal to three times the damages sustained by reason of such wrongful acts;

5. For an award of reasonable attorneys' fees;

6. Costs be awarded to Expensify related to each and every cause of action in this suit;

7. For an award of interest on each and every damage award.

8. Such other and further relief as the Court may deem just and proper.

Dated: November 10, 2015.

s/Alice Carmichael Richey
Alice Carmichael Richey
N.C. State Bar No. 13677
Sarah F. Hutchins
N.C. State Bar # 38172
Parker Poe Adams & Bernstein LLP
Three Wells Fargo Center
401 South Tryon Street, Suite 3000
Charlotte, North Carolina 28202
Telephone: (704) 372-9000
Facsimile: (704) 334-4706
Email: alicerichey@parkerpoe.com
Email: sarahhutchins@parkerpoe.com

*Attorneys for Plaintiff Expensify, Inc.*

OF COUNSEL:

KASOWITZ, BENSON, TORRES & FRIEDMAN LLP
Steven Carlson (Cal. Bar No. 206451)
Kevin Pasquinelli (Cal. Bar No. 246985)
333 Twin Dolphin Drive, Suite 200
Redwood City, CA 94065
650-453-5170
scarlson@kasowitz.com
kpasquinelli@kasowitz.com